IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES BUCHANAN, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MICHAEL ZAKEN, )<br>)<br>Defendant, | 2:24-cv-1253<br><br>Magistrate Judge Patricia L. Dodge |

**ORDER**

Presently before the Court is Plaintiff's Motion to Determine the Sufficiency of Answers (ECF 26) to which Defendant has responded (ECF 29). Plaintiff's motion contests the adequacy of Defendant's responses to Plaintiff's First Requests for Admission, a copy of which has been provided for the Court's review.

Plaintiff seeks responses to Requests 3, 4, 5, and 7, all of which seek admissions about an incident involving Eugene Bryner and another inmate. This incident allegedly occurred prior to the incident between Plaintiff and Bryner that is the subject of Plaintiff's Complaint. Defendant asserted objections in his responses to these Requests, contending that Plaintiff improperly seeks information about another inmate in violation of DC-ADM 003.

Plaintiff states in his motion that these requests do not relate to another inmate, but rather, to actions taken against Bryner after the alleged use of force against that inmate. However, Requests 3 and 4 seek information about the use of force against another inmate and whether that inmate filed a grievance. And Requests 5 and 7, while seeking an admission about an investigation of Bryner and the failure to discipline "Security," respectively, nonetheless relate to the alleged use of force on another inmate. As such, Plaintiff's motion regarding Requests 3, 4, 5 and 7 will be denied.

For the same reasons, Plaintiff's motion regarding Request 2 will be denied. In part, the Request relates to another inmate. Moreover, Defendant provided a full response as it relates to Plaintiff's claim in this action.

Plaintiff also objects to Defendant's response to Request 8. This Request asks for an admission that Bryner acted maliciously and outside the scope of his employment when he allegedly used excessive force on Plaintiff. In his response to Request 8, Defendant claimed that this Request required him to speculate about Bryner's intentions, and therefore, he could not adequately respond. In his motion, Plaintiff cites a letter to Bryner from the DOC Office of Chief Counsel that, according to Plaintiff, states that Bryner acted maliciously and outside the scope of his employment. This letter is not referenced in Request 8, and Plaintiff states that he is merely attempting to obtain confirmation from Defendant on this issue. As Defendant points out, however, although he did not author the letter, Plaintiff is asking Defendant to confirm the findings of the Office of Chief Counsel without obtaining admissions from Defendant about his own personal knowledge of or investigation about the incident and/or Bryner's state of mind. As such, the Request would require Defendant to speculate about Bryner's state of mind and then draw a legal conclusion. This is an improper use of a request for admission, and as a result, Plaintiff's motion as to Request 8 will be denied.

While Plaintiff's motion will be denied as to these Requests, it will be granted as to Requests 6, 10 and 11.

As it relates to Request 6, it is unclear if Defendant has provided a full response. The Request sought information about an alleged policy requiring "Security" to provide certain notification in a specified time frame after the use of force. Therefore, Defendant shall provide a supplemental response that directly responds to the alleged policy identified by Plaintiff.

Request 10 seeks an admission about Plaintiff's exhaustion of grievances and Request 11 seeks an admission about whether Plaintiff's lawsuit was filed within two years of the incident at issue. Defendant's response to both Requests was that they improperly called for an interpretation of documents and would require them to form conclusions based on speculation and conjecture.

These objections are without merit. In its Answer and Affirmative Defenses, Defendant raises both failure to exhaust administrative remedies and the statute of limitations as affirmative defenses. Plaintiff is entitled to probe these defenses, and whether there is any factual basis for these defenses is information that should be readily accessible to Defendant.

Therefore, this 31st day of July, 2025, it is ORDERED that Plaintiff's Motion to Determine the Sufficiency of Answers (ECF 26) is GRANTED in part. Defendant shall supplement his Response to Request 6 and shall provide responses to requests 10 and 11 by **August 14, 2025**. All other relief requested by Plaintiff is DENIED.

                              BY THE COURT:

                              /s/ Patricia L. Dodge
                              PATRICIA L. DODGE
                              UNITED STATES MAGISTRATE JUDGE