IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAMES BUCHANAN,

Plaintiff,

v.

MICHAEL ZAKEN,

Defendant.

24cv1253
ELECTRONICALLY FILED

**MEMORANDUM ORDER**

Presently before the Court is Plaintiff's Objections to the United States District Magistrate Judge Patricia Dodge ("Magistrate Dodge") Report and Recommendation (ECF 81), suggesting this Court grant summary judgment in favor of Defendant thereby dismissing this case. ECF 82. Defendant filed a Response to Plaintiff's Objections (ECF 88) making this matter ripe for disposition. For the reasons set forth below, the Court will overrule Plaintiff's Objections, adopt Magistrate Dodge's Report and Recommendation, will grant the Defendant's motion for summary judgment, and will dismiss this case.

**I. Factual Background**

The following facts are undisputed by the parties and relevant to the instant decision.

1. Plaintiff was assaulted, without provocation, on July 9, 2023, by Corrections Food Service Instructor, Eugene Bryner ("Bryner'). During this time, Plaintiff was an inmate at the State Correctional Institution at Greene ("SCI-Greene"), and his primary work assignment was in Food Services. Also, during this time, Defendant was the Superintendent of SCI-Greene.

2. On July 11, 2023, Plaintiff informed the Corrections Food Service Supervisor of the assault, who in turn reported the assault to Captain Hintemeyer in the Security Office.

3. On July 12, 2023, Defendant was informed of the assault.

4. Also on July 12, 2023, Defendant was informed of another incident involving a different inmate, Hodge, which had also been perpetrated by Bryner.[1]

5. The Hodge-Bryner incident occurred on June 7, 2023, and Hodge filed a grievance about the occurrence on June 8, 2023.

6. Hodge did not go to the medical department after the incident and therefore, no Extraordinary Occurrence Report ("EOR") was prepared by any SCI-Greene staff member.

7. Hodge's June 7, 2023, incident was still under investigation when Plaintiff's assault took place on July 9, 2023, but Hodge's claim was ultimately dismissed because Hodges' allegations were not substantiated because his incident did not rise to the level of abuse.

8. Unlike Hodge, Plaintiff presented to medical department with jaw pain and a broken tooth on July 12, 2023.

9. Captain Hintemeyer and the Security Department conducted an investigation of Plaintiff's allegations and determined that Plaintiff's allegations of excessive force and improper use of force were substantiated. The Department's Bureau of Investigations and Intelligence concurred with that determination and Bryner was suspended for 15 days, received a final warning, and was transferred to another facility – SCI-Fayette.

---

[1] Because this is the key, undisputed fact, the Court notes that Defendant indicated in paragraph 9 of its Concise Statement of Material Facts as follows, "Defendant Zaken was informed of CFSI Bryner's conduct on July 12, 2023, regarding the allegations of abuse against Plaintiff. SMF Exhibit C, ¶ 14." ECF 65, ¶ 9. Exhibit C is sworn declaration given by Defendant, and paragraph 14 reads as follows, "I was informed of CFSI Bryner's conduct on July 12, 2023, regarding both the allegations of abuse against both Plaintiff and the other inmate, Hodge." ECF 66-3, ¶ 14. In his response to paragraph 9 of the Concise Statement of Material Facts, Plaintiff wrote, "For brevity and judicial economy, Plaintiff stipulates to facts as stated in [ECF No. 65, ¶ 4 through ¶ 18]." Thus, Plaintiff has stipulated to the fact that Defendant was informed of Bryner's conduct toward Hodge on July 12, 2023. Despite his stipulation, Plaintiff's objections to Magistrate Dodge's report argue that July 12, 2023, was not the <u>first</u> time Defendant was informed about the incident involving Hodge and Bryner.

Plaintiff's objects to the portion of Magistrate Dodge's Report and Recommendation which concludes that July 12, 2023, Defendant learned, for the first time, about the Bryner-Hodge June 7, 2023, incident. Plaintiff argues that despite Defendant's sworn declaration to the contrary, July 12, 2023, was <u>not</u> the first time Defendant was informed about the Bryner-Hodge incident.

In support of his contention, Plaintiff relies on a DOC policy (DC ADM 001) which reads as follows:

> Any employee who receives written or verbal notification from an inmate or a third party alleging an incident of abuse, or who is a witness to abuse, is required to complete a DC-121, Part 3, Employee Report of Incident for distribution to his/her supervisor and the facility's Security Office. All reports shall be completed prior to completion of the employee's duty shift.

ECF 66-3, Attachment A; see also ECF 77-1, ¶ 6. In addition, Plaintiff relies on his own pronouncement wherein he states, "[i]t is the Superintendent's responsibility to ensure institution staff compliance with DC ADM 001." ECF 77-1 ¶ 9. Plaintiff concludes that the because of this policy and the Superintendent's responsibility that all employees comply with the policy, Defendant was made aware of Hodge's allegations of abuse against Bryner on June 9, 2023.

**II. Standard of Review**

When, as here, objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. § 636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir.2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. *Mawson v. Pittston Police Dep't*, 145 F. Supp. 3d 363, 368–69 (M.D. Pa. 2015) (citing *United States v. Raddatz*, 447 U.S. 667, 676, (1980)).

**III. Discussion**

A court reviewing a summary judgment motion must evaluate the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Brewer v. Quaker State Oil Ref. Corp.*, 72 F.3d 326, 330 (3d Cir. 1995). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56.

Summary judgment may be granted if, drawing all inferences in favor of the non-moving party, "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); *see also Melrose, Inc. v. Pittsburgh*, 613 F.3d 380, 387 (3d Cir. 2010).

A fact is "material" if proof of its existence or non-existence might affect the outcome of the suit under applicable law. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248, (1986); *see also Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011). Disputes must be both (1) material, meaning concerning facts that will affect the outcome of the issue under substantive law, and (2) genuine, meaning there is sufficient evidence supporting the claimed factual dispute "to require a jury or judge to resolve the parties' differing versions of the truth at trial. *In re Lemington Home for Aged*, 659 F.3d 282, 290 (3d Cir. 2011); *see also S.H. ex rel. Durrell v. Lower Merion School Dist.*, 729 F.3d 248 (3d Cir. 2013).

"To defeat a motion for summary judgment, *competent* evidence must be produced, either through depositions, affidavits, or other sworn statements which reveal a material dispute of fact that can only be resolved by a trier of fact at a trial. . . . In such an instance, the court cannot avoid its responsibility to grant or to affirm summary judgment because it hypothesizes 'what

might have been established' or 'what possibly could be established' at a trial." *Williams v. Borough of W. Chester, Pa.*, 891 F.2d 458, 467 (3d Cir. 1989) (emphasis in original).

"A non-moving party may not successfully oppose a summary judgment motion by resting upon mere allegations or denials contained in the pleadings, or by simply reiterating those allegations or denials in an affidavit." *Van Horn v. Suhor Indus., Inc.*, 829 F. Supp. 2d 321, 325 (W.D. Pa. 2011), citing *Lujan v. National Wildlife Federation,* 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). "Rather, the non-moving party must offer specific evidence found in the record that contradicts the evidence presented by the movant and indicates that there remain relevant factual disputes that must be resolved at trial." *Id.*

"[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, (1986), citing *Cities Service, supra,* 391 U.S., at 288–289, 88 S.Ct., at 1592. If the evidence is merely colorable, *Dombrowski v. Eastland,* 387 U.S. 82, 87 S.Ct. 1425, 18 L.Ed.2d 577 (1967) (*per curiam* ), or is not significantly probative, *Cities Service, supra,* at 290, 88 S.Ct., at 1592, summary judgment may be granted." ***Id***. at 249.

In order for Defendant to prevail in this summary judgment matter, he must show that there is no genuine dispute as to any material fact and that he is entitled to judgment as a matter of law. Plaintiff claims the material fact in dispute is whether Defendant knew that Bryner was involved in another incident involving a different inmate (Hodge) one month prior to Bryner assaulting Plaintiff. For this to be a disputed "material" fact, the Court would have to conclude that Defendant's possessed earlier knowledge of Bryner's propensities, and this knowledge might affect the outcome of this lawsuit. The Court cannot reach such a conclusion.

First, as Magistrate Dodge noted, Plaintiff alleges that Defendant violated his Eighth Amendment rights by failing to prevent his assault by Bryner, and to survive summary judgment for this alleged infringement, Plaintiff is required to produce *sufficient* evidence of: (1) a substantial risk of serious harm, (2) Defendant's deliberate indifference to that risk, and (3) causation." *Hamilton v. Leavy* 117 F.3d 742, 746 (3d Cir. 1997).

Thus, in order to survive the summary judgment motion, Plaintiff needed to demonstrate to Magistrate Dodge and this Court that there exists *sufficient* evidence that Defendant was deliberately indifferent to the substantial risk of harm to Plaintiff posed by Bryner. The evidence related to that discreet issue presently before Magistrate Dodge, and now, this Court, is a sworn affidavit from Defendant (the moving party), stating that he only learned about the Bryner-Hodge incident on July 12, 2023, the same day he was informed of the Bryner-Plaintiff assault. Based on the Defendant's affidavit, he could not have been deliberately indifferent to the risk Bryner posed toward Plaintiff, because he was unaware of Bryner's past conduct toward Hodge. Moreover, even if Defendant had been aware of Bryner's conduct toward Hodge prior to the assault against Plaintiff, that single prior incident against another inmate (Hodge) – which was a leg kick, foot-stomping incident – fails to demonstrate that Bryner posed a "substantial risk of serious harm" to other inmates working in the kitchen such as Plaintiff, or Plaintiff in particular.

Next, it is important to note that Plaintiff's "opposing evidence," which he claims creates a dispute of material fact, is not "sufficient" evidence. Plaintiff's opposing evidence consists of his own affidavit, whereby he relies on a corrections policy to <u>infer</u> that the June 7, 2023, Bryner-Hodge incident was reported up through the ranks, all the way to the Defendant. There is no independent evidence to corroborate this <u>inference</u>. Aside from a policy saying how incident reporting *should* work at the correctional facility, Plaintiff has no first-hand knowledge that

Defendant was informed of the Bryner-Hodge incident in accordance with the policy. Plaintiff has offered no other evidence that Defendant was aware of the Bryner-Hodge incident prior to July 9, 2023. Thus, the Court finds Plaintiff's affidavit and the inferences he draws from the administrative policies referenced in his affidavit, to be speculative, merely colorable, and not significantly probative of Defendant's alleged prior knowledge of the Bryner-Hodge incident. Accordingly, Plaintiff's "evidence" does not create a dispute of a material fact, and thus, does not meet the standard necessary to survive Defendant's motion for summary judgment.

Moreover, the Court notes that Magistrate Dodge's Report and Recommendation, and this Court's own decision to grant summary judgment in favor of Defendant, is based on Plaintiff's lack of sufficient evidence to support a conclusion that Defendant knew of the Bryner-Hodge incident prior to July 9, 2023. Neither this Court nor Magistrate Dodge engaged in a comparison of Plaintiff's evidence to Defendant's evidence resulting in a weighing of the evidence as Plaintiff suggests in his objections. Stated differently, Plaintiff lacks *sufficient* evidence to bring this case to before a jury and therefore, summary judgment will be granted in favor of Defendant.

Finally, the Court adopts Magistrate Dodge's report in all other aspects, concurring with her thorough analysis of the facts and law on this matter.

**ORDER**

AND NOW, this 14th day of August, 2026, based on the aforementioned law and authority, the Court OVERRULES the Plaintiff's Objections to Magistrate's Dodge's Report and Recommendation, ADOPTS Magistrate Dodge's Report and Recommendation, and GRANTS the Defendant's Motion for Summary Judgment.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: ECF Counsel of Record
*and*
James Buchanan
#ET4089
SCI-Greene, 175 Progress Dr.
Waynesburg, PA 15370